## COX *v.* ANN ARBOR SAVINGS BANK.

MORTGAGES—MORATORIUM.RELIEF—ABUSE OF DISCRETION—INCREASE
OF INDEBTEDNESS.

> Trial court, in extending period of redemption under mortgage
> moratorium act on petition filed on last day before period
> would have expired after mortgage had been foreclosed by ad-
> vertisement, *held*, to have abused discretion conferred by that
> act where 55 by 61-foot business property, now worth about
> $8,000, was bid in for upwards of $12,500 by mortgagee at
> time of sale, indebtedness is now over $14,000 and increasing
> at rate of over $600 a year, notwithstanding order requiring
> application of all rent received from out-of-date gasoline sta-
> tion toward payment of taxes, insurance, repairs, interest and
> principal, leaving no equity for mortgagor to preserve (Act
> No. 98, Pub. Acts 1933, as last amended by Act No. 1, Pub.
> Acts 1937).

Appeal from Washtenaw; Sample (George W.), J. Submitted June 10, 1937. (Docket No. 63, Calendar No. 39,494.) Decided October 4, 1937.

Bill by Austa M. Cox against Ann Arbor Savings Bank, a Michigan corporation, and Federal Deposit Insurance Corporation for moratorium relief from foreclosure of a mortgage. From order granting relief, defendants appeal. Reversed.

*Albert E. Blashfield,* for defendants.

NORTH, J.   Plaintiff, being the owner of a small piece of property in the business section of the city of Ann Arbor, executed a mortgage thereon in the sum of $10,000 to the defendant Ann Arbor Sav-

ings Bank. There was default under the terms of the mortgage, foreclosure by advertisement, and on November 2, 1935, the bank purchased the property at the foreclosure sale for $12,525.27, this being the full amount of the mortgage indebtedness, including taxes theretofore paid by the mortgagee. In February, 1936, the bank transferred its interest in this property to the defendant Federal Deposit Insurance Corporation. On the last day of the period of redemption (November 2, 1936) plaintiff filed the bill of complaint herein asking relief under the mortgage moratorium law (Act No. 98, Pub. Acts 1933, as amended). The defendants answered, denying that plaintiff was entitled to such relief because she had no equity in the mortgaged property. Upon hearing the case the circuit judge granted moratorium relief and fixed the fair rental value of the property at $25 per month, payable monthly beginning November 2, 1936. The decree provided that the money received as rental for the property should first be applied in payment of taxes, second in payment of insurance, third for repairs and proper maintenance of the property, and fourth upon accrued interest, and the balance if any upon the principal mortgage indebtedness.

In a subsequent application to the court, made under Act No. 1, Pub. Acts 1937, the moratorium granted by the court was extended from March 1, 1937, to November 1, 1938. Defendants have appealed.

Appellants contend that under the record in this case it is shown that plaintiff does not possess such an equity in the mortgaged premises as entitles her to moratorium relief; and also that the rental terms fixed by the trial court are so inadequate as to result in an impairment of the obligation of the mort-

gage contract in violation of both the State and Federal Constitutions.

Review of this record discloses that there was default on the part of the mortgagor in paying the taxes for the years 1932, 1933 and 1934, and at the time foreclosure proceedings were instituted there was default both in payment of principal and interest on the mortgage debt. At the time of the trial, December 21, 1936, the amount accumulated on the mortgage indebtedness and for taxes on the property totaled nearly $14,000. The mortgaged property is utilized for a somewhat out-of-date gasoline station. The parcel of land is only 55 feet by 61 feet, and both because of the location and lack of modern facilities, the amount of business conducted at the station is somewhat limited. The testimony is convincing that the fair market value of this property is approximately $8,000. In so stating we have not overlooked the testimony of two witnesses, with which we are not much impressed, placing the value at a much higher figure. It is carried on the assessment rolls at a valuation of $5,000. There is no credible showing that plaintiff has either the ability or desire to refinance the mortgage indebtedness on this filling station. It is obvious that it would be to her advantage to retain possession and operate the station at the rental fixed during the longest possible period. But under the circumstances of this case to permit her to do so is clearly a violation of both the legal and equitable rights of the defendants. A simple mathematical computation discloses that the terms of this moratorium will result in an increase in the mortgage indebtedness at a rate of more than $600 per year during the moratorium period. The price at which the property was sold to the bank on the foreclosure sale saved plaintiff

from the possibility of being subjected to a deficiency judgment, and the amount bid at the sale was very much in excess of the fair market value of the property. In principle the instant case is within our former decision in *Youngs* v. *Burleson*, 274 Mich. 132.

The order entered in the circuit court was an abuse of discretion. It will be set aside and one entered in this court dismissing plaintiff's bill of complaint, with costs to appellants.

FEAD, C. J., and WIEST, BUTZEL, BUSHNELL, SHARPE, POTTER, and CHANDLER, JJ., concurred.